Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 667 | Date | June 21, 2000 |
| Case Title | HOUSEHOLD FINANCIAL SERVICES -v- NORTHEASTERN MORTGAGE INVESTMENT CORP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☒ Status hearing ☐ held ☐ continued to ☒ set for ☐ re-set for 11 JULY 00 at 10:00 am
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☒ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, plaintiff's motion to strike defendant's first and second affirmative defenses is granted. Plaintiff's motion to strike defendant's third affirmative defense is denied. The parties are directed to conduct an FRCP 26(f) conference and file a form 35 by July 7, 2000.

(11) ☒ [For further detail see ☐ order on the reverse of ☒ order attached to the original minute order form.]

| | No notices required, advised in open court. | | number of notices | |
|---|---|---|---|---|
| | No notices required. | | | |
| ☒ | Notices mailed by judge's staff. | JUN 2 2 2000 | date docketed | Document # |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing dpty. initials | 11 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate Judge. | | date mailed notice | |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | 6-21-00 mailing dpty. initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOUSEHOLD FINANCIAL  )
SERVICES, INC.        )
    Plaintiff,     )
                      )
v.                    )   No. 00 C 0667
                      )
NORTHEASTERN MORTGAGE )
INVESTMENT CORP.      )
    Defendant.     )
                      )

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Household Financial Services, Inc. ("Household") has filed a motion to strike the affirmative defenses asserted by defendant Northeastern Mortgage Investment Corporation ("Northeastern") pursuant to Federal Rule of Civil Procedure 12(f). For the following reasons, plaintiff's motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

Household filed a complaint against Northeastern alleging that Northeastern had breached a loan purchase agreement by refusing to repurchase a loan Northeastern had sold to Household, despite alleged non-conformities with Northeastern's representations and warranties contained in the agreement. The complaint seeks specific performance as well as monetary damages arising out of Northeastern's contractual indemnity obligation. In answering Household's complaint, Northeastern advanced three affirmative defenses: (1) that Household has an adequate remedy at

1

law, (2) equitable estoppel, and (3) waiver.

## STANDARD OF REVIEW

Because affirmative defenses are pleadings, they are subject to the pleading requirements of the Federal Rules of Civil Procedure. See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). Therefore, affirmative defenses must set forth a "short and plain statement" of the defense. Fed. R. Civ. P. 8(a). The court evaluates a motion to strike affirmative defenses under Rule 12(f), which provides: "upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are not favored, and affirmative defenses will only be stricken when they "are patently defective and could not succeed under any circumstances." Mobley v. Kelly Kean Nissan, Inc., 864 F. Supp. 726, 732 (N.D. Ill. 1993). Defenses should, however, be stricken when their effect is to add unnecessary clutter to a case. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1295 (7th Cir. 1989).

## ANALYSIS

Household challenges Northeastern's first affirmative defense on the ground that it is not a proper affirmative defense, and challenges the second and third affirmative defenses on the ground that they are insufficient as a matter of law.

### I.   First Affirmative Defense: Adequate Remedy at Law

Northeastern's first affirmative defense alleges that Household cannot invoke the equitable remedy of specific performance since any damage is readily ascertainable and compensable by money damages, such that Household has an adequate remedy at law. Household argues that the

2

defense should be stricken because Northeastern does not bear the burden of proving that Household has an adequate remedy at law and it is thus not a proper affirmative defense.

"Adequate remedy at law" is not listed as an affirmative defense in Federal Rule of Civil Procedure 8(c). When a defense is not listed in Rule 8(c), the court must look to state law regarding the burden of proof to determine the pleading character of a particular defense. Sundstrand Corp. v. Standard Kollsman Indus., 488 F.2d 807, 813 (7th Cir. 1973). If a defendant does not bear the burden of proof on a defense, it is not an affirmative defense. Id. Under Illinois law, Household, as the party seeking specific performance, bears the burden of proving that it does not have an adequate remedy at law. See id. at 814. Because Northeastern's allegation that Household has an adequate remedy at law is an assertion that Household cannot establish a prima facie case, not a negation or avoidance of a cause of action set forth in Household's complaint, is not an affirmative defense. Allowing Northeastern to plead "adequate remedy at law" as an affirmative defense is redundant, immaterial, and would needlessly clutter this litigation. For that reason, Northeastern's first affirmative defense is stricken.

II.   Second Affirmative Defense: Equitable Estoppel

Household next argues that Northeastern's defense of equitable estoppel is insufficient as a matter of law. The elements of equitable estoppel in Illinois are: (1) words or conduct by the party against whom the estoppel is alleged amounting to a misrepresentation or concealment of material facts; (2) knowledge by the party against whom estoppel is asserted at the time the representations were made that the representations were false, or that the representations were made with gross negligence as to their truth; (3) the truth respecting the representations was unknown to the party asserting estoppel at the time the representations were made and when they were acted upon; (4) the

3

party against whom estoppel is claimed must intend or reasonably expect that the representations or concealment would be acted upon by the party asserting estoppel or the public generally; (5) the party asserting estoppel must have relied upon the representation in good faith to its detriment; and (6) the party claiming the benefit of the estoppel would be prejudiced if the other party is permitted to deny the falsity of the misrepresentation or concealment. Vaughan v. Speaker, 533 N.E.2d 885, 890, 126 Ill.2d 150, 162 (1988). Because estoppel is premised on a showing of intentional deception or gross negligence amounting to constructive fraud, this defense (like fraud), requires a recitation of adequate factual underpinnings for consideration of the applicability of the doctrine; mere conclusions and puffery will not suffice. Commonwealth of Pa. Ins. Dept. v. Miles, No. 95 C 5774, 1996 WL 172162 at *3 (N.D. Ill. Apr. 10, 1996).

Northeastern alleges only that Household is equitably estopped from attempting to enforce the repurchase provision of the loan purchase agreement because it reviewed, considered, and approved all statements of fact contained in the loan documents provided by Northeastern before Household purchased the loan. In response to this motion to strike, Northeastern patched together several other factual averments of its answer to argue that the basis of the equitable estoppel defense is the following:

> Based on Household's representations during the review and approval period, Northeastern believed that Household would comport to industry custom and practice. Household clearly had other ideas but did not reveal to Northeastern that it would zealously seek to enforce the repurchase provision in the contract, in contravention of industry custom and practice. Northeastern relied upon Household's representations and continued to abide by the industry custom and practice of using its best efforts to confirm the information provided by applicants. Northeastern clearly did so to its detriment.

Even accepting Northeastern's somewhat strained interpretation of its own answer, Northeastern's

4

allegation of equitable estoppel does not provide a sufficient notice of the factual support for the application of estoppel against Household.

Northeastern has failed to allege words or conduct by Household amounting to a misrepresentation or concealment of material facts. Northeastern has also not alleged knowledge by Household at the time the alleged representations were made that the representations were false, or made with gross negligence as to their truth. The closest Northeastern comes to alleging a misrepresentation by Household is that Household somehow represented that it would not enforce its contractual rights despite a plan to "zealously enforce those rights." Such an allegation cannot form the basis of a claim of equitable estoppel. Northeastern does not allege a single representation made by Household which was actually false, much less one that Household knew or reasonably should have known was false. Northeastern also fails to allege that Household intended or reasonably expected that the representations or concealment would be acted upon by Northeastern. Because Northeastern has not alleged these critical elements of estoppel, Northeastern's second affirmative defense is insufficient and is therefore stricken.

III. Third Affirmative Defense: Waiver

Finally, Household argues that Northeastern has failed to allege the necessary elements of its third affirmative defense, waiver. In its third affirmative defense, Northeastern alleges that Household "waived its right to enforce the repurchase provision of the Loan Purchase Agreement because it reviewed, considered, and approved all statements of fact contained in the loan documents provided by Northeastern before Household purchased the loan." Household argues that this affirmative defense must be stricken because Northeastern alleges neither that Household affirmatively waived its rights nor any facts from which such an intention can be clearly inferred,

as required to demonstrate waiver. See American Nat'l Bank & Trust Co. v. K-Mart Corp., 717 F.2d 394, 398 (7th Cir. 1983). As such, Household argues, the waiver affirmative defense is insufficient as a matter of law. Northeastern responds that the factual allegations of its answer of Household's conduct and industry a practice is sufficient basis from which waiver can be inferred. This court agrees that Northeastern's waiver affirmative defense is not "patently defective," and should not be stricken.

Household further argues that Northeastern cannot advance a waiver defense because the loan purchase agreement contains a non-waiver clause. The non-waiver clause appears to apply to this controversy and non-waiver clauses are enforceable in Illinois, Roboserve, Inc. v. Kato Kaguku Co., 78 F.3d 266, 277 (7th Cir. 1996). Nevertheless, non-waiver clauses are, themselves, waivable by the words or deeds of parties to them. See id. Northeastern asserts that it is entitled to challenge the existence and enforceability of the non-waiver provision in this litigation. This court agrees; Northeastern has pled sufficient facts from which to infer that the non-waiver clause does not bar Northeastern's waiver defense. Of course, the parties are free to revisit this issue in a later stage of these proceedings, once the actual facts become known through discovery. At this point of the litigation, this court must accept all well-pled allegations as true. Accordingly, Household's motion to strike Northeastern's third affirmative defense of waiver is denied.

## CONCLUSION

For the reasons stated, Household's motion to strike Northeastern's first and second affirmative defenses is GRANTED. Household's motion to strike Northeastern's third affirmative defense is DENIED. Northeastern's first and second affirmative defenses are STRICKEN. This case is set for status at 10:00 on July 11, 2000. Counsel are to confer pursuant to Federal Rule of

Civil Procedure 26(f) and submit a completed form 35 no later than July 7, 2000. The parties are strongly encouraged to discuss settlement of this case. The parties may proceed with discovery.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: June 21, 2000